**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2673
_____

ERCOLE A. MIRARCHI,
                                                    Appellant

v.

UNITED STATES EXECUTIVE BRANCH OF THE GOVERNMENT;
UNITED STATES EXECUTIVE BRANCH OF THE GOVERNMENT; JOHN
FETTERMAN, United States Senator, PA; DEPARTMENT OF JUSTICE PA AND
WDC; FEDERAL BUREAU OF INVESTIGATION PA AND WDC; SECURITIES
AND EXCHANGE COMMISSION WDC; CENTRAL INTELLIGENCE AGENCY;
COMMONWEALTH OF PENNSYLVANIA EXECUTIVE BRANCH OF
GOVERNMENT; COMMONWEALTH OF PENNSYLVANIA SECRETARY OF
STATE; ARMSTRONG COUNTY PA BOARD OF ELECTIONS; CABLE NEWS
NETWORK, AKA CNN; EDISON RESEARCH; FAIRFAX FINANCIAL HOLDINGS
LTD; MARSHALL & SWIFT/ BOECKH LLC
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:23-cv-01549)
District Judge: Honorable Mitchell S. Goldberg
_____

Submitted Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
on October 26, 2023

Before: BIBAS, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: November 27, 2023)
_____

OPINION[*]
_____

PER CURIAM

Pro se litigant Ercole Mirarchi appeals from the District Court's August 29, 2023 order that, among other things, dismissed his amended complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). For the reasons that follow, we will summarily affirm that decision.

I.

In April 2023, Mirarchi filed in the District Court a document titled "Report to Court (This Is Not a Lawsuit) Under 18 U.S. Code § 2382" (hereinafter "the Report"). Therein, Mirarchi claimed, inter alia, that "a falsified record crime" had gone "unpunished by the Eastern District Courts," and that, for years, primary and general elections in this country "have been rigged at all levels of government." (Dist. Ct. docket # 1, at 1 (emphasis omitted).) He asserted that "it is proper for the citizen who uncovered [this election fraud] to report it to Authorities as *treason* and a *coup d'état*." (Id.)

The District Court Clerk docketed the Report as a civil complaint, and the District Court then entered an order addressing that filing. The District Court observed that "it is not clear that Mirarchi intended to pursue a lawsuit." (Dist. Ct. Order entered May 8, 2023, at 1 n.1.) To the extent that he did intend to pursue one, the District Court

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

concluded that the Report was defective and could not proceed as filed.  The District Court explained that "a plaintiff may not pursue generalized concerns about government or society through the courts," (id.), that the Report did not comply with Federal Rules of Civil Procedure 8 and 10 (setting forth rules of pleading), and that Mirarchi had not shown that § 2382, which makes it a crime to commit misprision of treason, provides a private right of action.  Additionally, the District Court noted that Mirarchi had not paid the fee for filing a lawsuit, nor had he moved to proceed in forma pauperis ("IFP").  Accordingly, the District Court directed Mirarchi to pay the filing fee (or move to proceed IFP) and file an amended complaint if he wished to proceed with this action.  If, on the hand, he did not wish to proceed, the District Court explained that he could file a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a).

Mirarchi responded by filing a "Motion for Reconsideration and for This Filing to Remain a Report of Treason to the Court" (hereinafter "Reconsideration Motion").  But he also filed an IFP motion and an amended complaint.  The amended complaint was brought against the respective executive branches of the United States and the Commonwealth of Pennsylvania, as well as against a United States senator, the Securities and Exchange Commission, the Central Intelligence Agency, Cable News Network, and several other governmental and non-governmental entities.

In the amended complaint, Mirarchi invoked § 2382 and several other federal criminal statutes.  He alleged that defendants and other actors had covered up a "falsified records crime" that (1) "hid how key values and math logic w[ere] used to engineer various financial fraud and money laundering schemes," and (2) "allowed that same math

3

logic to be reconfigured, by a group of bad actors yet to be identified, to . . . direct an attack against the mechanics of our Election System to manipulate and configure the vote results . . . of PA's 2020 Presidential and 2022 U[.]S[.] Senate and Governor Elections." (Am. Compl. 6-7.) In view of these allegations, Mirarchi asked the District Court to "review all the submissions for this lawsuit as a report of treason," "investigate the crimes that took place," and "bring that to the attention of honest Law-enforcement and Justice Authorities." (Id. At 7.) Additionally, Mirarchi asserted that he "deserves a fair hearing on how he can be made whole for the many hardships he endured over the past 10 years," and for the tens of thousands of hours that he spent conducting the analysis "that led him to uncover how this engineered attack on Pennsylvania's and our Nation's Election System used the same or similar geometric and rate of change math logic as the accounting fraud that [defendants and other actors] allowed to be buried." (Id.)

Mirarchi subsequently filed several motions seeking permission to present additional evidence in support of his amended complaint. Thereafter, on August 29, 2023, the District Court granted Mirarchi's IFP motion, denied his Reconsideration Motion and his other outstanding motions, and dismissed his amended complaint with prejudice as frivolous pursuant to § 1915(e)(2)(B)(i). In doing so, the District Court explained that the criminal statutes invoked by Mirarchi do not create a private cause of action, that "the United States District Courts have no authority to order any law enforcement agencies or prosecutors to initiate investigations or prosecutions," (Dist. Ct. Op. entered Aug. 29, 2023, at 6), that Mirarchi's "general grievances about government" are insufficient to state a case or controversy over which the District Court could exercise jurisdiction, (id.

4

At 7),[1] and that further amendment of his pleadings would be futile. This timely appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision to dismiss Mirarchi's amended complaint, see Dooley v. Wetzel, 957 F.3d 366, 373-74 (3d Cir. 2020), and we review the District Court's denial of his Reconsideration Motion for abuse of discretion, see Walker v. Coffey, 905 F.3d 138, 143 (3d Cir. 2018). We may take summary action if this appeal fails to present a substantial question. See 3d Cir. I.O.P. 10.6.

Under § 1915(e)(2)(B)(i), a district court must dismiss a case if, at any time, it determines that the case is frivolous. An example of a situation in which a case is frivolous is when "it depends on an indisputably meritless legal theory." See Dooley, 957 F.3d at 374 (internal quotation marks omitted). The District Court concluded that Mirarchi's case reflected that situation, thereby warranting the dismissal of his amended complaint. For substantially the reasons provided by the District Court in its August 29, 2023 opinion, we agree with that conclusion. We also agree with the District Court's decision to dismiss Mirarchi's amended complaint *with* prejudice, see LaSpina v. SEIU Pa. State Council, 985 F.3d 278, 291 (3d Cir. 2021) (explaining that "leave to amend need not be granted if amendment would be futile or inequitable" (internal quotation marks omitted)),

---

[1] "Article III of the [United States] Constitution limits the jurisdiction of the federal courts to actual cases or controversies." Greenberg v. Lehocky, 81 F.4th 376, 384 (3d Cir. 2023).

and we see no reason to disturb the District Court's decision to deny the Reconsideration Motion and Mirarchi's other motions that were outstanding.

Because this appeal does not present a substantial question, we will summarily affirm the District Court's August 29, 2023 order. Mirarchi's motion filed in our Court on September 29, 2023, which appears to seek expedited review of this appeal, is denied. To the extent that Mirarchi seeks any other relief from us, that relief is denied, too.